UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 11-11-DCR |
| | ) | and |
| V. | ) | Civil Action No. 3: 12-7241-DCR |
| | ) | |
| JOSE ANTONIO GONZALEZ-MEJIA, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Jose Antonio Gonzalez-Mejia is a citizen of Mexico. In 2006, he was convicted of Second Degree Rape in the Henry Circuit Court. He was deported from the United States on October 28, 2008. However, he return illegally following this deportation. On or about July 19, 2011, the Louisville, Kentucky office of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") was advised that Gonzalez-Mejia had been arrested for a misdemeanor violation and was being held in the Carroll County, Kentucky Detention Center. Gonzalez-Mejia was later interviewed by ICE officers and his identity was confirmed.

On August 11, 2011, a federal grand jury returned a one-count indictment, charging Gonzalez-Mejia with illegal entry into the United States following the commission of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [Record No. 8] By virtue of his prior conviction, the defendant faced a possible term of incarceration of 20 years, a fine of up to $250,000, payment of a special assessment, and a term of supervised release of three years.

-1-

Following appointment of counsel, Gonzalez-Mejia entered a guilty plea to the charge contained in the indictment. [Record No. 18] During the hearing held on September 20, 2011, Gonzalez-Mejia admitted his criminal conduct and tendered a written Plea Agreement for the Court's consideration. The Plea Agreement was accepted by the Court at the time of the defendant's sentencing hearing. [Record No. 20] At the conclusion of the sentencing hearing, the Court imposed a term of incarceration of 71 months, to be followed by a term of supervised release of three years. [Record No. 30] The sentence imposed was within the guideline range and reflected consideration of all relevant factors outlined in 18 U.S.C. § 3553. [*Id.*]

Although Gonzalez-Mejia waived the right to appeal or collaterally attack his guilty plea, conviction and the sentence actually imposed by the Court, the defendant violated his agreement with the government by filing a Notice of Appeal on January 20, 2012. [*See* Record No. 20; Plea Agreement, ¶ 8; and Record No. 24.] That appeal remains pending before the United States Court of Appeals for the Sixth Circuit.

In addition to filing a direct appeal, on October 12, 2012, Gonzalez-Mejia filed a motion with this Court seeking to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255. [Record No. 32] Through this motion, the defendant seeks to assert a variety of claims of ineffective assistance of his trial counsel. Pursuant to local practice, the § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation.

On October 18, 2012, United States Magistrate Judge J. Gregory Wehrman issued his report which recommended that the defendant's § 2255 motion be dismissed without prejudice

because Gonzalez-Mejia's direct appeal remains pending before the Sixth Circuit. Citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998), Magistrate Judge Wehrman noted that, "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." Here, the defendant has not argued that any exceptional circumstances exist which would warrant relief while the defendant's direct appeal remains pending.

The Magistrate Judge has recommended that Gonzalez-Mejia's § 2255 motion be denied, without prejudice to being renewed following the completion of his direct appeal. He has further suggested that this Court should not certify any appeal of the recommended dismissal under 28 U.S.C. 2253(c). Defendant Golzalez-Mejia has not filed objections to the United States Magistrate Judge's Report and Recommendation. Additionally, the undersigned has conducted a *de novo* review the defendant's motion and concludes that exceptional circumstances have not been demonstrated which would warrant any relief while the direct appeal is pending. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation issued by United States Magistrate Judge J. Gregory Wehrman on October 18, 2012 [Record No. 33], is **ADOPTED** and **INCORPORATED** herein by reference.

2. Defendant Jose Antonio Gonzalez-Mejia's Motion to Vacate, Set Aside, or Correct the Judgment previously entered in this action is **DENIED**, without prejudice.

3. Defendant Jose Antonio Gonzalez-Mejia's habeas action [Civil Action No. 3: 12-cv-7241-DCR] is **DISMISSED** and **STRICKEN** from the Court's docket. The Court concludes that any appeal of this Memorandum Opinion and Order would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3).

This 5th day of November, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge